Thomas A. Aurelio, J.
This is an application, pursuant to article 78 of the Civil Practice Act, to prohibit the City Magistrates’ Court, the Gamblers’ Court thereof, and the Chief Magistrate of the City of New York affixing to records on appeal the prior criminal record of petitioner.
Petitioner was convicted in the Court of Special Sessions of a violation of section 974 of the Penal Law. Petitioner did not take the stand at the trial. His notice of appeal has been filed and the court’s return is about to be made. The grounds of appeal are purely legal and excessiveness of sentence is not a ground. Nevertheless, the Clerk of the court has indicated to petitioner’s attorney that petitioner’s prior criminal record will be included in the documents to be submitted on the return. Petitioner argues that this will prejudice his legal position on the appeal, and that the court would be exceeding its authority to do so, since it is not one of the records specifically required to be annexed to a return (N. Y. City Crim. Cts. Act, § 46).
The granting of this application would be a drastic remedy indeed, especially so since petitioner, by no means, has exhausted other proper and available remedies. This writ is allowed only in the sound discretion of the court, and this court will not prohibit something that has not yet been allowed. In the instant case, petitioner admits that he could properly move before the appellate court, namely, the Appellate Part of the Court of Special Sessions, to strike from the return his prior criminal record, if, in fact, it be included in the return. Moreover, the said Appellate Part has the power to correct a defective return, which such might be (N. Y. City Crim. Cts. Act, § 46). Petitioner, however, contends that the making of such a motion before the appellate court would inform the Justices of that court of his prior criminal record and that, thereafter, they would be prejudiced against him in their deliberations on his appeal. This is a rash and unwarranted assumption.
If, in fact, under the circumstances of this case and its appeal, the learned Justices of the Appellate Part of the Court of *886 Special Sessions decide that the petitioner’s prior criminal record should not be included in the papers affixed to the return (a question which is not being decided by this court), then they certainly will not consider such record when deciding the purely legal aspects of petitioner’s grounds for appeal. These Justices, more perhaps than any others since they continually are acting as both Judge and jury in their courtrooms, are particularly qualified and experienced in removing from their minds prejudicial factual matter which they have stricken from the record, and in reaching fair and equitable decisions on the legal evidence alone. There is no reason to believe that they will act-otherwise on this appeal.
If on the other hand, however, it is determined that the criminal record is properly affixed and petitioner can demonstrate that it wrongfully influenced the Justices in their legal determinations (if their final decision on the appeal is adverse to petitioner), such would then be a proper matter for appeal to a higher court. Accordingly, petitioner has good and proper legal remedies available to him. He can immediately obtain a review of the very action he seeks here to prohibit in the Appellate Part of the Court of Special Sessions, and he may thereafter secure a further review by appeal, if the facts so warrant. This being so, the present proceeding will not lie and the petition is dismissed (Civ. Prac. Act, § 1285, subd. 4).
Respondents’ cross motion to dismiss the petition for legal insufficiency is accordingly granted.